UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MR. ELVIS WAYNE JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:12-cv-00019-JAW ) |
| TEXAS TDCJ ID ADMINISTRATION, et als., | ) ) ) ) |
| Defendants | ) |

**RECOMMENDED DECISION TO DISMISS
COMPLAINT PURSUANT
TO 28 U.S.C. § 1915A(b)**

*Pro se* Plaintiff Elvis Wayne Jones is an inmate incarcerated with the Texas Department of Criminal Justice, the James V. Allred Unit, Iowa Park, Texas. Plaintiff is not now, nor has he apparently ever been, a Maine inmate, and his complaint has no discernible connection to Maine. His complaint is directed at the Texas criminal justice system, including the judicial system, the attorney general offices, county law enforcement officials, and federal officials in Texas. Plaintiff has filed at least thirty-eight actions in the United States courts since 1987, although this is his first filing in Maine. See U.S. Party/Case Index, PACER Service Center, http://pacer.psc.uscourts.gov ("Pacer"). A review of Plaintiff's cases available on Pacer reveals that at least three of these actions were dismissed as frivolous or for failure to state a claim.[1] Plaintiff has not submitted an *in forma pauperis* application nor paid the $350.00 statutory filing fee instituting this action, but even if he were to do so, I would recommend this action be dismissed as frivolous.

---

[1] See, e.g., Jones v. West, No. 1:96-cv-532 (E.D. Tex.) (Sept. 18, 1997, order dismissing suit as frivolous); Jones v. West, No. 1:97-cv-685 (E.D. Tex.) (Feb. 17, 1999, order dismissing suit as frivolous and for failure to state a claim); Jones v. Beaumont Judicial Court, No. 1:98-cv-1472 (E.D. Tex.) (Feb. 24, 1999, order dismissing suit as frivolous).

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court must consider prisoner actions dismissed prior to, as well as after, the statute's enactment, so long as the action was dismissed by "a court of the United States." 28 U.S.C. § 1915(g); Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).

Plaintiff has not paid for filing this action and he may only proceed *in forma pauperis* if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. Walker v. Circuit Court Clerk, No. 1:09-cv-624-GZS, 2010 U.S. Dist. Lexis 915, *2, 2010 WL 66888, *1 (D. Me. Jan. 5, 2010) (Kravchuk, Mag. J., Report and Recommendation, aff'd Jan. 25, 2010). Plaintiff does not allege he is in imminent danger of serious physical injury.

Further, Plaintiff has been incarcerated in Texas since 1991, Defendants are presumably located in Texas, and Plaintiff's claims likely arose in Texas. As such, venue does not lie in Maine. Any claims that Plaintiff has against State of Texas officials or federal officials working in Texas, concerning actions occurring Texas, must necessarily be brought to the court which has personal jurisdiction over the Defendants. That court is best able to address and remedy any alleged harm. See 28 U.S.C. § 1391.

Accordingly, I recommend that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(g) and § 1915A(b)(1) because it is frivolous and fails to state a claim.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 20, 2012                /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge